## HENRY A. JEWELL v. PASCAL PARON, LOUIS VILMUR, AND COVELL C. ROYCE.

*Mechanic's lien—Failure to complete contract.*

1. The rights of a material-man at the time he files his lien cannot be other or greater than would be those of the contractor in a different action.

2. A bill to enforce the lien of a material-man will be dismissed when it appears that the value of the work done on the building at the time the lien was filed was less than the sum before then paid to the contractor, and that the necessary cost of completing the building will exceed the unpaid portion of the contract price.

Appeal from Delta. (Stone, J.) Submitted on briefs October 14, 1892. Decided December 22, 1892.

Bill to enforce a material-man's lien. Defendant Paron appeals. Decree reversed, and one entered here dismissing complainant's bill. The facts are stated in the opinion.

*Mead & Jennings,* for complainant.

*Royce & Waite,* for appellant.

MONTGOMERY, J.    The bill in this case was filed to enforce a lien for materials furnished to the defendant Vilmur, and used in the construction of a building upon lands owned by the defendant Paron.    The work was performed under a written contract, which did not in terms fix any time in which the building was to be completed. This gave rise to some misunderstanding, and an attempt was made to supplement the agreement later by fixing a time; but as Vilmur had given a bond for the faithful performance of his contract, and as he failed to procure the consent of the bondsmen, no change was in fact made.

The contract was dated August 26, 1890, and about the 1st of February, 1891, the defendant Paron took possession of and completed the building.    The circuit judge found that Vilmur was not in default, and that defendant Paron was liable to pay for the work, so far as it had progressed; that there was due from Paron to Vilmur, at the date of the service of notice of the lien, $250; and decreed a lien for that amount.

The only questions involved are whether the circuit judge adopted the correct theory in reaching this conclusion, and whether the testimony fairly shows that the value of the work then performed exceeded the amount then paid by the sum named.    Section 8385 of Howell's Statutes provides that—

"When the owner of the land shall have failed to perform his part of the contract, and by reason thereof the other party shall, without his default, have been prevented from completely performing his part, he shall be entitled to a reasonable compensation for as much thereof as he has performed, in proportion to the price stipulated for the whole, and the court shall adjust his claim accordingly."

Both parties, in offering testimony, have proceeded upon

the theory that the actual value of the work performed by Vilmur is to be determined by deducting from the contract price the necessary cost of completing the work. This is certainly as favorable a construction of the statute above quoted as the complainant can successfully contend for, as this credits the contractor with all the profits which he would have made upon the entire contract.

The testimony leaves no doubt that, at the time Paron took possession of the building, Vilmur had been paid $2,356.17. The contract price was $4,400. Vilmur was called as a witness for the complainant, and on his direct examination testified that his estimate of the cost of completing the building was $1,200 or $1,250. In this estimate he included the plastering and mason work, at $165 for the work and $80 for the material, making a total of $245. The price of wainscoting he fixed at $28, and it would not appear from his examination that he made any estimate upon the expense of ceiling. It appeared, however, from the testimony of defendant Paron, that the plastering and chimney cost him $590. Vilmur, on being recalled, testified that he had himself contracted to have this work performed at $319,—$74 in excess of his so-called estimate. His own testimony also shows that the value of the lumber necessarily used for wainscoting was much in excess of the price in his estimate for that item. On being recalled, in answer to the question as to what the cost of the work and material in the building up to the time defendant Paron took possession amounted to, he answered, "I think, $2,000 or $3,000." When Paron took control, one of the bondsmen of Vilmur acted with him, and there is no reason to doubt that good judgment was exercised in having the work done and materials provided. As before stated, Paron had then paid Vilmur $2,356.17. His testimony shows that he had actually paid at the time of the hearing, for the completion of the building, the sum of

$2,329.95, and still owed, for work done after he took possession, $250; making the total cost of the building more than $500 in excess of the contract price, if the building was completed according to contract.

There would be strong ground for saying that Vilmur was not proceeding to complete the building in a reasonable time, as, in the absence of an express agreement as to the time, he was bound to do. Nor does the testimony of Vilmur convince us that his delay was occasioned by defendant Paron's default. But, apart from this, we are fully satisfied that the value of the work done on this building at the date the lien was filed was less than the sum which had before that date been actually paid, and that the necessary cost of completing the building was more than remained unpaid on the building at the contract price. It is not the intent of the statute that a penalty should be visited on the owner for a breach of contract. The rights of the lienholder at the time he files his lien cannot be other or different than would be the rights of the contractor in a different action. Were Vilmur the plaintiff here, he would in no view of the case be entitled to more than nominal damages.

The decree will be reversed, and decree entered here dismissing complainant's bill. Defendant Paron will recover costs of both courts.

The other Justices concurred.